**2016 OK 23**

Jennifer FLEMING, Plaintiff/Appellant,

v.

Rachel Whitney HYDE,
Defendant/Appellee.

No. 113,844.

Supreme Court of Oklahoma.

March 1, 2016.

ON APPEAL FROM THE DISTRICT COURT OF LOGAN COUNTY, THE HONORABLE LOUIS A. DUEL, PRESIDING.

ORDER OF SUMMARY DISPOSITION

¶1 Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. S. Ct. Rule 1.201.

¶2 After reviewing the record in this case, THE COURT FINDS that our recent decision in *Ramey v. Sutton*, 2015 OK 79, 362 P.3d 217, disposes of the issues in this case.

¶3 In *Ramey*, we made clear our intent "to recognize those unmarried same sex couples who, prior to *Bishop* [*v. Smith*, 760 F.3d 1070 (10th Cir.), *cert. denied*, 574 U.S. ——, 135 S.Ct. 271, 190 L.Ed.2d 139 (2014)] and *Obergefell* [*v. Hodges*, 576 U.S. ——, 135 S.Ct. 2584, 192 L.Ed.2d 609 (2015)], entered into committed relationships, engaged in family planning with the intent to parent jointly and then shared in those responsibilities after the child was born." *Id.* at ¶19.

¶4 Fleming made a proposal of marriage that was accepted by Hyde. The couple exchanged rings to signify their commitment to one another. They expressed interest in having a family and raising a child together. The couple made financial adjustments to prepare for becoming parents. Fleming and Hyde consulted with a fertilization physician to become pregnant. At the request of their physician, the couple met with a counselor for evaluation and a determination as to their fitness to become parents.

¶5 Fleming attended all pre-natal appointments. Fleming was present in the delivery room and participated in the delivery of their child. The couple prepared a baby book together. They both attended pediatrician appointments with their child. Fleming was listed as the other "mom" at the daycare. The couple held themselves out as a family to their friends, family and the public.

¶6 We find that the district court erred in granting the motion to dismiss, and that Fleming has standing to pursue a best interests of the child hearing.

¶7 IT IS THEREFORE ORDERED that the district court's order of dismissal is vacated, and the cause remanded to the district court for further proceedings.

ALL JUSTICES CONCUR.